```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 09-23250-CIV-UNGARO
                                    MAGISTRATE JUDGE P.A. WHITE

CRAIG BERNARD TRAPP,                :

     Plaintiff,                     :

v.                                  :
                                                    REPORT
SGT THOMAS,                         :         OF MAGISTRATE JUDGE

     Defendant.                     :
_____
```

### I. Introduction

The plaintiff Craig Bernard Trapp, currently serving a life sentence at Calhoun Correctional Institution, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 for damages and other relief. [DE#' 1]. The plaintiff is proceeding in forma pauperis. [DE# 2].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915.

### II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid,

>    the court shall dismiss the case at any time
>    if the court determines that –
>
>                    *   *   *
>
>    (B) the action or appeal –
>
>                    *   *   *
>
>    (i)  is frivolous or malicious;
>
>    (ii) fails to state a claim on which
>    relief may be granted; or
>
>    (iii) seeks monetary relief from a
>    defendant who is immune from such
>    relief.

This is a civil rights action pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. §1983; Polk County v. Dodson, 454 U.S. 312 (1981); Whitehorn v. Harrelson, 758 F.2d 1416, 1419 (11 Cir. 1985). The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). When reviewing complaints pursuant to 28 U.S.C. §1915(e)(2)(B), the Court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6), and the Court must accept as true the factual allegations

in the complaint and all reasonable inferences that can be drawn therefrom. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997).  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998),<u>See</u>: <u>Whitehorn</u>, 758 F.2d at 1419 <u>id</u>.  <u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).   A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11 Cir.), <u>cert. denied</u>, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," <u>id.</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992).

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff claims that Sgt. Thomas, employed as a Correctional Officer at the South Florida Reception Center, willfully and maliciously verbally assaulted him by using foul language, in violation of his constitutional rights. He experienced humiliation and harassment from fellow inmates for three months following the verbal assault, until his transfer to Calhoun CI.

Verbal harassment does not state a claim for relief under §1983.  See Hoptowit v. Ray, 682 F.2d 1237, 1252 (9 Cir. 1982)(federal court cannot order guards to refrain from using racial slurs to harass prisoners); Burton v. Livingston, 791 F.2d 97, 101 n. 1 (8 Cir. 1986)(use of racial slurs in prison does not offend Constitution); McFadden v. Lucas, 713 F.2d 143, 146 (5 Cir.), cert. denied, 464 U.S. 998 (1983) (threatening language and gestures).  There are, however, recognized exceptions to the general rule, under which the conduct may rise to the level of a constitutional deprivation: for example, when verbal threats are accompanied by physical force or the present ability to effectuate the threat, Harris v. Lord, 957 F.Supp. 471, 475 (S.D.N.Y. 1997); Jermosen v. Coughlin, 878 F.Supp. 444, 449 (N.D.N.Y. 1995), or the person to whom the verbal abuse is directed is terrorized by

4

threats accompanied by racial slurs, Hopson v. Frederickson, 961 F.2d 1374, 1378-79 (8 Cir. 1992); Burton v. Livingston, 791 F.2d 97 (8 Cir. 1986).

Further, claims of verbal taunts are foreclosed by the provisions of 42 U.S.C. §1997e(e), which prohibit prisoners from bringing civil rights actions based on mental or emotional injury without a prior showing of physical injury.

The plaintiff has not stated a cognizable constitutional claim with regard to the alleged verbal harassment, because the plaintiff has failed to show that he has suffered any physical injury as a result of the verbal harassment by Thomas, or that any verbal threats were accompanied by physical force or the present ability to effectuate the threat.  Further, the plaintiff has since been transferred to another institution.

### III.  Recommendation

Based on the foregoing, it is recommended that this complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(b)(ii).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 6th day of November, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

5

```
cc:   Craig Bernard Trapp, Pro Se
      DC#353591
      Calhoun CI
      Address of Record
```